# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| **BENJAMIN A. CLARK**, <br><br> **Plaintiff**, <br><br> v. <br><br> **FEDEX GROUND PACKAGING SYSTEMS, INC.,** <br><br> and <br><br> **JAMES PETRIK** <br><br> **Defendants.** | **Case No.** <br><br><br> **(Removed from the Circuit Court of Jackson County, Missouri Case No. 2016-CV11902)** |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 & 1446, Defendant FedEx Ground Package System, Inc. ("FXG"), improperly named as FedEx Ground Packaging Systems, Inc., and James Petrik ("Defendants") file this Notice of Removal of this case from the Circuit Court of Jackson County, Missouri, Case No. 2016-CV11902, where it is currently pending, to the United States District Court for the Western District of Missouri based on diversity jurisdiction. As grounds for removal, Defendants state as follows:

1.  On May 13, 2020, Plaintiff Benjamin Clark ("Plaintiff") filed his Petition in the Circuit Court of Jackson County, Missouri at Independence, Case No. 2016-CV11902, improperly naming FedEx Ground Packaging Systems, Inc. (the proper entity is FedEx Ground Package System, Inc.) and James Petrik as the Defendants. (Ex. A, Circuit Court File).

1

2. Defendant FXG was served with the Petition on May 27, 2020. (Ex. B, Affidavit of FXG by Michael Higgins, ¶ 2).

3. Defendant Petrik was served on June 2, 2020. (Ex. C, Affidavit of Petrik, ¶ 1).

4. As set forth in Plaintiff's Petition, Plaintiff is a resident of the State of Missouri. (Ex. A, Plaintiff's Petition, ¶1).

5. Defendant Petrik is a citizen of Kansas. (Ex. C, Affidavit of Petrik, ¶ 3).

6. A corporation's citizenship for the purposes of diversity jurisdiction is: (1) the state of incorporation, and (2) the state where the corporation's principal place of business is located. 28 U.S.C. § 1332(c)(1); *see also GMAC Commercial Credit LLC v. Dillard Dept. Stores, Inc.*, 357 F.3d 827, 828 (8th Cir. 2004).

7. A corporation's principal place of business is the place where its officers direct, control, and coordinate the corporation's activities. *Hertz Corp. v. Friend*, 599 U.S. 77, 92-93 (2010). Normally, it is where the corporation maintains its headquarters, i.e. the "nerve center." *Id*.

8. Defendant FXG is a Delaware corporation. (Ex. B, ¶ 4).

9. Defendant FXG's headquarters is located in Pennsylvania. (Ex. B, ¶ 5).

10. The offices of Defendant FXG's officers and executives are located at its headquarters in Pennsylvania, and out of that location Defendant directs, controls, and coordinates its business. (Ex. B, ¶¶ 6-8).

11. Additionally, Defendant FXG has been found to be "a citizen of Pennsylvania for purposes of federal court diversity jurisdiction." *Hart v. FedEx Ground Package System, Inc.*, 457 F.3d 675, 676 (7th Cir. 2006).

12. Accordingly, for the purposes of federal diversity jurisdiction, Defendant FXG is a citizen of the State of Pennsylvania.

13. At the time this action commenced, and at all times since, Plaintiff and Defendants are and remain citizens of different states.

14. To satisfy the amount-in-controversy requirement, Defendant must show by a preponderance of the evidence only that "a fact finder *could* legally conclude from the pleadings and proof adduced to the court before trial, that the damages that the plaintiff[s] suffered are greater than $75,000." *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002) (emphasis added); *see also James Neff Kramper Family Farm P'ship v. IBP, Inc.*, 393 F.3d 828, 831 (8th Cir. 2005) (party seeking removal must show only that the claims originally asserted in the Complaint "could, that is might, legally satisfy the amount in controversy requirement."). Plaintiff herein seeks damages related to a motor vehicle accident on an interstate highway. (Ex. A, Plaintiff's Petition). In his prayer, Plaintiff seeks an unspecified amount of damages on two counts: negligence and negligence *per se*. (Ex. A, Plaintiff's Petition). Plaintiff provided a summary of medical billing on December 22, 2017 that alleged a total to that date of $71,510.40. (Exhibit D, December 22, 2017 Correspondence from Plaintiff's prior counsel). Even if Plaintiff has not incurred more than $3,500 in actual damages in the past 30 months, the alleged damages for pain and suffering and other non-economic damages, illustrate that a fact finder *could* legally conclude that the total amount in controversy is greater than $75,000.

15. Accordingly, this is a civil action over which the District Courts of the United States have original jurisdiction under diversity of citizenship under 28 U.S.C. § 1332 (a)(1).

16. Removal of this action is not prohibited by any federal statute.

17. Attached as Exhibit A are all process, pleadings, orders, and other documents then on file in the Circuit Court of Jackson County, Missouri.

18. After filing this Notice of Removal, Defendants will file a copy of this pleading with the Clerk of the Circuit Court of Jackson County, Missouri, and with counsel for all other parties.

19. If any questions arise as to the propriety of the removal of this action, Defendants respectfully request the opportunity to present a brief and oral argument in support of its position that this action is removable.

WHEREFORE, Defendants, by and through counsel, and through the filing of this Notice of Removal, the giving of written notice thereof to Plaintiff, and the filing of a copy of this Notice of Removal with the Clerk of the Circuit Court of the Jackson County, Missouri, effects the removal of said civil action to this Honorable Court.

This 26th day of June 2020.

Respectfully submitted,

MCANANY, VAN CLEAVE & PHILLIPS, P.A.

*/s/ Spencer A. Low*
Byron A. Bowles, MO Bar #47050
Alan T. Fogleman, MO Bar #69627
Spencer A. Low, MO Bar #70568
10 East Cambridge Circle Drive, Suite 300
Kansas City, Kansas 66103
Phone: (913) 371-3838
Fax: (913) 371-4722
bbowles@mvplaw.com
afogleman@mvplaw.com
slow@mvplaw.com

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on June 26, 2020, a copy of the above and foregoing was served electronically, via Email, on the following counsel:

James M. Roswold
James E. Brady, III
KANSAS CITY ACCIDENT
INJURY ATTORNEYS
510 Walnut Street, Suite 100
Kansas City, MO 64106
P: (816) 471-5111
F: (816) 359-3163
james@kcaccidentattorneys.com
jim@kcaccidentattorneys.com

**ATTORNEYS FOR PLAINTIFF**

                                              */s/ Spencer A. Low*
                                              Attorneys for Defendants